Baldwin, J.
delivered the opinion of the Court.
The ground of the plaintiff’s action, as stated in the first count of his declaration, (which is the only one applicable to the facts of the case,) is a collateral and conditional promise by the defendant, that a certain James M. Hurt should refund and pay to the plaintiff the *643 sum of 591 dollars, with interest, provided and whenever a decree should be rendered against the plaintiff in a certain suit then depending against him. The declaration does not state whether the promise was verbal or written, nor was it necessary that it should; hut it was indispensable under the statute of frauds and perjuries, that the plaintiff should prove on the trial, that the promise was in writing, it being for the debt or default of another.
The only evidence of a written promise of the defendant, produced on the trial, is his blank endorsement on an absolute and unconditional promissory note for 591 dollars, money loaned, executed by J. M. Hurl to the plaintiff, and payable on demand, with interest from the date. This endorsement by the defendant, of his signature upon the perfect written contract of a third person, and his delivery of it to the plaintiff, indicates the intent to bind himself in some form for the performance of that contract, whether for payment of the note as surety for the maker, or as guarantor for its payment by the maker, or for either at the election of the plaintiff, we need not consider. The result would be the same in either aspect, and the plaintiff has himself treated the defendant as guarantor, and all the evidence shews that such was the intent of the parties.
The making of the note by the principal, and the endorsement of it by the defendant, were cotemporaneous acts; parts of the same transaction, and founded upon the same consideration. If at a time subsequent to the making of the note, a new agreement by parol had been entered into between the plaintiff and the principal, varying its terms by altering the time and event of payment, and upon the same being communicated to the defendant, he had assented thereto, and then endorsed his name upon the note, for the purpose of guaranteeing the performance of the contract in its mo *644 dified state, the case would be a different one from that alleged in the declaration and proved by the evidence ; and it need not be considered, whether upon such a case, the plaintiff could recover.
In the case presented by the record, the endorsement of the defendant’s signature, and its delivery to the plaintiff, was an authority to him to fill up the blank with any promise consistent with the contract of the principal, upon which it was made, and conformable to the intent of the parties. If the note had been a negotiable instrument, payable to the defendant, and he had endorsed it in blank, his responsibility would have been that of an endorser. But the note not being negotiable or assignable by the defendant, being made payable to the plaintiff, the endorsement must be treated as an authority to fill up the blank with a promise of the defendant as surety, or as guarantor, the plain meaning of it being, that he should be responsible, which he could only be in the one form or the other. And when so filled up, actually or by supposition, the endorsement would be a written promise of the defendant to answer for the debt or default of another.
It cannot be doubted, therefore, that it was competent for the plaintiff to fill up the blank endorsement, with a guarantee by the defendant, for the payment of the money according to the terms of the note. But this would not have suited his purpose, for the note being unconditional, and payable on demand, his action would be barred by the statute of limitations, there being no subsequent promise in writing, such as is required by the amendatory act of the 3d of April 1838. And the only question is, whether the plaintiff can depart from the terms of the note, and consequently of the endorsement, and charge the defendant upon a verbal understanding and agreement in conflict with both.
It is perfectly well settled, that the terms of a written contract cannot be varied by parol evidence of what oc *645 curred between the parties previously thereto, or contemporaneously therewith. As against the principal himself, it would be inadmissible to prove by parol, that this money, instead of being payable on demand, and absolutely, was payable only conditionally upon the happening of a future event; and much more so, as against a surety or guarantor: as the result would be, to charge him by parol, directly in the teeth of the statute of frauds and perjuries.
Daniel, J. concurred in affirming the judgment.
Judgment affirmed.